**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 209.]**

CINCINNATI BAR ASSOCIATION *v.* SLATTERY.

[Cite as *Cincinnati Bar Assn. v. Slattery*, 1996-Ohio-92.]

*Attorneys at law—Misconduct—Two-year suspension with one year stayed and two-year probation—Neglect of entrusted legal matters—Failure to deposit funds into IOLTA—Failure to comply with CLE requirements.*

(No. 95-841—Submitted September 27, 1995—Decided January 10, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-43.

_____

{¶ 1} In a complaint filed on June 20, 1994, and amended on March 2, 1995, relator, Cincinnati Bar Association, charged respondent, James J. Slattery, Jr. of Cincinnati, Ohio, Attorney Registration No. 0005088, with eight counts of professional misconduct involving, *inter alia*, violations of DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglect of entrusted legal matter), and 9-102(A)(2) (failure to deposit client funds in identifiable bank account), as well as Gov.Bar R. X (failure to comply with continuing legal education requirements). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on March 22, 1995.

{¶ 2} With respect to Count I of the complaint, as amended, the parties stipulated that respondent failed to comply with continuing legal education requirements, in violation of Gov.Bar R. X, for the two reporting periods preceding issuance of the complaint.

{¶ 3} With respect to Count II, the parties stipulated that respondent neglected his representation of Shirley Clauss in violation of DR 6-101(A)(3). Clauss paid respondent $1,000 in October 1993 to obtain a divorce from her

husband. Clauss supplied respondent with requested financial documentation, but respondent subsequently failed to respond to her efforts to learn the status of her case and otherwise failed to communicate effectively with his client. Respondent maintains that he earned the $1,000 fee by consulting several times with Clauss's husband's attorney and reviewing Clauss's financial information. Respondent claims that he did not file the divorce complaint because the couple was considering dissolution as an alternative. Nevertheless, Clauss requested a refund of her legal fees in December 1993, and respondent also did not reply to this request. Clauss has since retained other counsel and respondent gave her file to relator.

{¶ 4} With respect to Count III, respondent acknowledged that he had violated DR 9-102(A)(2) by failing to deposit Clauss's funds into an IOLTA account that complied with the requirements of R.C. 4705.09.

{¶ 5} With respect to Count IV, the parties stipulated that respondent neglected his representation of Sandra and Leroy Willman in violation of DR 6-101(A)(3). The Willmans retained respondent on a contingency fee basis to represent them in a personal injury claim against the Hamilton County Sheriff's Department, which is apparently still pending, and a consumer dispute over the purchase of a conversion van, which was arbitrated to a decision against the Willmans. The Willmans also had difficulty learning the status of their cases from respondent and filed a grievance with relator. Respondent agreed to turn over their file to new counsel; however, the Willmans subsequently reconsidered their reasons for his discharge. Prior to issuance of the instant complaint, the Willmans retained respondent to represent them in yet a third civil dispute, which was resolved in their favor.

{¶ 6} With respect to Count V, the parties stipulated to respondent's alcoholism and that this condition had contributed to his neglect of clients, in violation of DR 1-102(A)(6). Respondent admitted that he had been battling alcoholism at least since 1993, when he received some treatment, but had

subsequently "slipp[ed]" into alcohol abuse again. In July 1994, respondent was hospitalized and diagnosed with cirrhosis of the liver and other complications attributable to his alcohol consumption. At that time, his prognosis was poor -- doctors advised that if he abstained from alcohol, took medication and followed a recommended diet, he had a fifty percent chance of living for two more years. In October 1994, respondent entered a rehabilitation program and, since December 16, 1994, has been living in a long-term residential care facility, the Prospect House, for recovering alcoholics. Respondent has abstained from alcohol since October 1994, and his prognosis is much improved due, in part, to his participation in an experimental liver therapy study being conducted by the Cincinnati Veterans' Administration Center. Respondent ceased practicing law voluntarily toward the end of 1994 and has had no other employment, although he has been and continues to be available to the attorneys retained to succeed him. Respondent currently depends on general assistance and food stamps as a consequence of his complete commitment to recovery under the supervision of the Prospect House.

{¶ 7} No evidence was submitted to prove Count VI of the complaint, as amended.

{¶ 8} With respect to Count VII, the parties stipulated that respondent neglected his representation of William Hobbs in violation of DR 6-101(A)(3). Hobbs retained respondent to represent him in an action for injuries he sustained in the parking lot of a lounge, where he had either passed out or been assaulted and had also been run over by one of his co-workers. Respondent filed the suit against the lounge and the co-worker, but learned that the lounge was uninsured, that its corporate charter had been revoked and the lounge owners were judgment proof, and that the co-worker could not be located for service of process, making the likelihood of recovery remote. After respondent advised Hobbs of these developments, Hobbs moved without leaving respondent his new address. Respondent subsequently appeared before the trial court on a number of occasions

for status conferences in Hobbs's cause of action; however, respondent did not appear on the date set for trial, and Hobbs's case was dismissed with prejudice. Respondent conceded that he neglected Hobbs's cause by failing to appear and failing to dismiss the case voluntarily before the dismissal.

{¶ 9} With respect to Count VIII, the parties stipulated that respondent neglected his representation of Michael J. Younger in violation of DR 6-101(A)(3). Respondent agreed to represent Younger on a contingency-fee basis in a lender-liability claim against a bank for failure to execute a previously approved loan to purchase certain business property from the city of Cincinnati. Respondent also agreed to represent Younger on a contingency-fee basis in an action against the city of Cincinnati for the sale of the business property when Younger's other attorneys withdrew from the action. Respondent attempted to diligently represent Younger in both matters and to defend him in others and had some success. However, in February 1994, respondent failed to respond timely to discovery requests, and he subsequently failed to comply with a court-ordered deadline to produce the discovery. Respondent escaped the imposition of sanctions by supplying some of the requested materials at the hearing on the motion for sanctions; however, the court later determined that he had not fully responded to the order compelling discovery, and it dismissed Younger's case with prejudice.

{¶ 10} From the stipulations and respondent's testimony at the hearing, the panel determined that he had violated each of the cited Disciplinary Rules, as well as Gov.Bar R. X.[1] In recommending a sanction for this misconduct, the panel considered respondent's committed efforts to recover from alcoholism. It also considered testimony and correspondence from respondent's friends and professional acquaintances, all of whom described his integrity and competence

---

1. The panel found, as a matter of fact, that respondent failed to attend and report the credit hours required by Gov. Bar R. X, but it did not specify the violation of Gov.Bar R. X in its conclusions of law.

apart from his addiction to alcohol. The panel recommended the sanction suggested by relator, with some modification. The panel recommended that respondent receive a two-year suspension from the practice of law, with one year of this period suspended on the following conditions of probation:

"a) Respondent is to provide proof of the establishment and maintenance of an attorney's trust (I.O.L.T.A.) account for the holding of client funds.

"b) Respondent shall satisfactorily complete all necessary continuing legal education requirements and be currently registered;

"c) Respondent shall abstain from the use of alcohol and shall be subject to random testing for alcohol consumption by a physician, or other medical personnel, as selected by, and reporting to, Relator, in order to verify compliance with this requirement;

"d) Respondent shall regularly attend after care or other alcohol counseling sessions, as set forth in the Prospect House program; shall attend meetings of Alcoholics Anonymous, if so directed; and shall become involved with the Ohio Lawyers Assistance Program;

"e) Respondent's practice of law shall be monitored by an attorney selected by the Cincinnati Bar Association, upon such terms and conditions as may be appropriate;

"f) If Respondent should fail to comply with any of the conditions of probation, probation shall cease and the balance of the suspension shall become effective."

{¶ 11} The board adopted the panel's report, including its findings of fact, conclusions of law and recommendation.

_____

*Peter J. Rosenwald* and *James J. Condit*, for relator.

*James H. Coogan*, for respondent.

_____

*Per Curiam*.

{¶ 12} Upon review of the record, we concur in the board's findings that respondent violated DR 1-102(A)(6), 6-101(A)(3) and 9-102(A)(2), as well as Gov.Bar R. X. We also agree, in the main, with the board's recommendation; however, we consider a two-year probation period more appropriate for the public's protection. Moreover, consistent with relator's suggested sanction, we are inclined to credit respondent for the purpose of his actual suspension period from December 16, 1994, the date on which he conscientiously entered the Prospect House and had already ceased practicing law on his own accord. Therefore, we order that respondent be suspended from the practice of law in Ohio for two years; however, one year of this sanction is suspended, respondent is placed on probation for two years under the conditions established by the board, and the period of his actual suspension is deemed to have commenced on December 16, 1994. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in part and dissents in part.

———————————